MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
mgliner@glinerlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORDAN D. ETZIG )<br>)<br>Plaintiff, )<br>) No.<br>vs. )<br>)<br>MONTEREY FINANCIAL SERVICES LLC )<br>dba MONTEREY COLLECTION SERVICES )<br>) **JURY DEMANDED**<br>Defendant. )<br>) | |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331, 28 U.S.C. § 1332, the FCRA, 15 U.S.C. Section 1681(p) and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### PRELIMINARY STATEMENT

2. This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter FDCPA"), state law obligations brought as supplemental claims hereto and Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* ("FCRA").

## PARTIES

3. Plaintiff, Jordan D. Etzig, is a natural person who resides in Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. § 1692a(5).

4. Defendant, Monterey Financial Services LLC dba Monterey Collection Services (MFS), is a foreign Corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Oceanside, CA, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant is also a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

6. Plaintiff(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

7. During 2019 Plaintiff reviewed his Equifax credit report.

8. Plaintiff discerned Defendant was twice reporting the identical collection account.

9. MFS reported the same account under both Monterey Financial Services *and* separately under Monterey Collection Services.

10. Plaintiff called Defendant disputing the accounts.

11. Plaintiff requested validation.

12. Plaintiff received nothing from Defendant in violation of FDCPA § 1692g(a).

13. On March 10, 2020 Plaintiff obtained his Equifax report.

14. Defendant still reported its tradelines (Exhibit 1).

15. Defendant failed to note Plaintiff's dispute in violation of FDCPA §§ 1692e and 1692e(8).

16. The identical accounts were *deliberately reported under separate and different account numbers*.

17. Defendant intentionally dually reported the purported debt in order to provide the false impression Plaintiff owed double the alleged amount.

18. Defendant double-reports accounts under different account numbers as part of its routine, willful business practices.

19. Defendant double-reports its accounts under these conditions to wrench payment from consumers like Plaintiff.

20. Defendant willfully attempts to injure both Plaintiff, and consumers like him, to enforce compliance with Defendant's payment demands.

21. Defendant mischaracterized the legal status of Plaintiff's alleged account in violation of FDCPA §§ 1692e(2)(A) and 1692e(10).

22. Defendant's assertion Plaintiff had two (2) accounts due and owing was a material misrepresentation made in violation of FDCPA §1692e. *Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014).

23. Defendant's misleading reporting can be reasonably read to have multiple meanings in violation of FDCPA §§ 1692e and 1692e(10). *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996).

24. The presence of the subject tradelines on Plaintiff's credit profiles violates FDCPA §§ 1692e and 1692e(8) and has impaired Plaintiff's access to financing. *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64 (1st Cir. 1998).

25. Plaintiff has suffered meaningful emotional distress including, but not limited to, excessive worry, frustration, sleeplessness, anger, humiliation, embarrassment, chagrin and other mental anguish as a direct result of Defendant's conduct. *McCollough v. Johnson, Rodenburg & Lauinger*, LLC, 637 F.3d 939, 957 (9th Cir. 2011).

26. On approximately April 30, 2020 Plaintiff disputed Defendant's inaccurate reporting with the national credit reporting agencies.

27. Plaintiff's disputes were posited by both Defendant's dual reporting and the *inherently fraudulent* nature of the underlying account.

28. Defendant failed to conduct either a reasonable or lawful reinvestigation and simply verified its inaccurate reporting on Plaintiff's reports.

29. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

30. Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

31. As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

32. As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CAUSES OF ACTION
## COUNT I

33. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692d, 1692e and 1692f.

34. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

## COUNT II

35. Defendant's acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.,*

865 F. Supp. 1443, 1448-49 (D. Nev. 1994); <u>Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.</u>, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

36. Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

### COUNT III

37. In the entire course of its action, Defendant willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a. By willfully and/or negligently failing to comport with FCRA § 1681s-2(b).

### PRAYER FOR RELIEF
### JURY DEMANDED

Plaintiff hereby demands trial by a six-person jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.
2. Award punitive damages.
3. Award statutory damages.
4. Award reasonable attorney fees and costs.
5. Grant such other and further relief as it deems just and proper.

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, Nevada 89102
Attorney for Plaintiff



# CREDIT REPORT

**JORDAN ETZIG**

**Report Confirmation**

**0570103295**

EXHIBIT 1

## 4.4 MONTEREY FINANCIAL SERVICES (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | | | |
|---|---|---|---|
| Account Number | xxxxx 8715 | Reported Balance | $3,982 |
| Account Status | CHARGE_OFF | Debt-to-Credit Ratio | N/A |
| Available Credit | | | |

The tables below show up to 2 years of the monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments.

### Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2017 | | | ✓ | ✓ | ✓ | 30 | 60 | | | | | |

| | | | |
|---|---|---|---|
| ✓ Paid on Time | 30  30 Days Past Due | 60  60 Days Past Due | 90  90 Days Past Due |
| 120  120 Days Past Due | 150  150 Days Past Due | 180  180 Days Past Due | V  Voluntary Surrender |
| F  Foreclosure | C  Collection Account | CO  Charge-Off | B  Included in Bankruptcy |
| R  Repossession | TN  Too New to Rate | No Data Available | |

### Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| High Credit | | Owner | INDIVIDUAL |
| Credit Limit | | Account Type | INSTALLMENT |
| Terms Frequency | MONTHLY | Term Duration | 2 |
| Balance | $3,982 | Date Opened | Jan 31, 2017 |
| Amount Past Due | | Date Reported | Aug 31, 2017 |
| Actual Payment Amount | | Date of Last Payment | May 01, 2017 |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | 5 | Delinquency First Reported | Aug 01, 2017 |

| | | | |
|---|---|---|---|
| **Activity Designator** | | **Creditor Classification** | UNKNOWN |
| **Deferred Payment Start Date** | | **Charge Off Amount** | $3,982 |
| **Balloon Payment Date** | | **Balloon Payment Amount** | |
| **Loan Type** | Unsecured | **Date Closed** | |
| **Date of First Delinquency** | Jun 01, 2017 | | |

**Comments**

Charged off account

**Contact**

MONTEREY FINANCIAL SERVICES
4095 AVENIDA DE LA PLATA
OCEANSIDE, CA  92056
1-760-639-3540

Case 2:20-cv-01259-KJD-DJA   Document 1   Filed 07/07/20   Page 9 of 9

## 10. Collections

Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

**Date Reported: Feb 29, 2020**

| | | | |
|---|---|---|---|
| **Collection Agency** | MONTEREY COLLECTION SERVICES | **Balance Date** | Feb 29, 2020 |
| **Original Creditor Name** | EMPORIUM | **Account Designator Code** | INDIVIDUAL_ACCOUNT |
| **Date Assigned** | Aug 29, 2017 | **Account Number** | xxxxx 9021 |
| **Original Amount Owed** | $3,983 | **Creditor Classification** | Financial |
| **Amount** | $4,002 | **Last Payment Date** | |
| **Status Date** | Feb 29, 2020 | **Date of First Delinquency** | May 25, 2017 |
| **Status** | UNPAID | | |

**Comments**

**Contact**

MONTEREY COLLECTION SERVICES
4095 AVENIDA DE LA PLATA
OCEANSIDE, CA  92056
1-800-772-2026